UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS REESE PITTS,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE ALBERT PITTS,<br><br>Defendant. | No.  2:20-cv-1037-TLN-EFB PS<br><br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

/////

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2    520-21 (1972), a complaint, or portion thereof, must be dismissed for failure to state a claim if it
3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8    relief above the speculative level on the assumption that all of the complaint's allegations are
9    true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
12   Under this standard, the court must accept as true the allegations of the complaint in
13   question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
14   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
15   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading
16   requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a
17   complaint to include "a short and plain statement of the claim showing that the pleader is entitled
18   to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
19   which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
20   Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
21   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*,
22   511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
23   confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction
24   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
25   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
26   authorized by a federal statute that both regulates a specific subject matter and confers federal
27   jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity
28   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

1  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*
2  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction
3  of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of
4  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*
5  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

6  Plaintiff brings this action against his brother, George Pitts.  ECF No. 1.  The complaint
7  alleges that in 2009, plaintiff and his mother purchased a home.  ECF No. 1 at 7.  According to
8  plaintiff, his mother obtained the home loan for the purchase and title to the property was placed
9  in her name, but she and plaintiff entered into a written agreement requiring him to make all
10 mortgage payments.  *Id*.  He also claims that they separately agreed that, within one year, they
11 would refinance the loan and add plaintiff to the title.

12 The following year, plaintiff sought to refinance the loan through a low-income program
13 with the County of San Joaquin, but he was unsuccessful.  *Id*.  Shortly thereafter, plaintiff's
14 mother moved into an assisted living facility.  *Id*. at 5, 7.  Plaintiff remained in the home with his
15 two children and continued to make the mortgage payments through 2019.  *Id*. at 7, 9.  In January
16 2020, the loan servicer declined plaintiff's monthly mortgage payment and an eviction notice was
17 posted on the home's front door.  *Id*. at 7.  Plaintiff subsequently learned that the defendant, who
18 had power of attorney for their mother, sold the home and initiated eviction proceedings against
19 plaintiff.  *Id*. at 9, 11.

20 The complaint's sole claim is for breach of contract.  *Id*. at 5.  Plaintiff contends that this
21 court has diversity jurisdiction over this claim pursuant to 20 U.S.C. § 1332.  *Id*. at 1.  But the
22 complaint specifically alleges that both parties reside in San Joaquin County and are California
23 citizens.  ECF No. 1 at 2, 4.  Thus, the complaint demonstrates that the parties' citizenship is not
24 diverse.  *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552
25 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse
26 citizenship of all parties, and that the matter in controversy exceeds $75,000).  Consequently,
27 plaintiff has failed to establish subject matter jurisdiction over his state law breach of contract
28 claim.

Accordingly, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. Plaintiff is granted leave to file an amended complaint. Any amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. Should plaintiff choose to file an amended complaint, the amended complaint shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must

be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  July 6, 2020.

                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE