UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS REESE PITTS,<br><br>             Plaintiff,<br><br>     v.<br><br>GEORGE ALBERT PITTS,<br><br>             Defendant. | No. 2:20-cv-01037-TLN-JDP<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiff Carlos Reese Pitts's ("Plaintiff") Motion for Reconsideration of the Court's August 31, 2020 Order dismissing this case (ECF No. 7). (ECF No. 9.) For the reasons set forth below, Plaintiff's motion is DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action on May 21, 2020. (ECF No. 1.) On July 6, 2020, the previously assigned magistrate judge screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). (ECF No. 5.) The magistrate judge dismissed the Complaint for lack of subject matter jurisdiction, finding that the Complaint failed to establish the Court's diversity jurisdiction where the Complaint's sole claim was for breach of contract. (*Id.* at 4–5.) Plaintiff was granted thirty days to file an amended complaint to cure the jurisdictional deficiency. (*Id.*) After Plaintiff failed to timely file an amended complaint, the magistrate judge recommended the case be dismissed without prejudice for the reasons set forth in the July 6, 2020 Order. (ECF No. 6.) Plaintiff did not file any objections to the Findings and Recommendations. On August 31, 2020, the Court adopted the magistrate judge's finding and recommendations in full, dismissed the action without prejudice, and entered judgment accordingly. (ECF Nos. 7, 8.) Plaintiff has since filed a motion requesting the Court reconsider the August 31, 2020 Order dismissing this case. (ECF No. 9.)

## II. STANDARD OF LAW

The Court may grant reconsideration under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Here, Plaintiff's motion was filed thirty days after entry of judgment and is therefore construed as a motion for relief from final judgment under Rule 60(b). (*See* ECF Nos. 8, 9.)

Under Rule 60(b), the Court may relieve Plaintiff from a final judgment, order, or proceeding "for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

1 discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called
2 intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is
3 void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier
4 judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
5 (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

6      A motion based on Rule 60(b) must be made "within a reasonable time."  Fed. R. Civ. P.
7 60(c)(1).  With respect to subsections (1), (2), and (3), the motion must be filed "no more than a
8 year after the entry of judgment or order or the date of the proceeding."  *Id.*  Rule 60(b)(6) goes
9 further, empowering the court to reopen a judgment even after one year has passed.  *Pioneer Inv.*
10 *Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).  However, subsections (1)
11 through (3) are mutually exclusive of subsection (6), and thus a party who failed to take timely
12 action due to "excusable neglect" may not seek relief more than a year after the judgment by
13 resorting to subsection (6).  *Id.* (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S.
14 847, 863, n.11 (1988)).

15      "A motion for reconsideration should not be granted, absent highly unusual
16 circumstances, unless the district court is presented with newly discovered evidence, committed
17 clear error, or if there is an intervening change in the controlling law."  *Marlyn Nutraceuticals,*
18 *Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009).  Further, "[a]
19 motion for reconsideration may *not* be used to raise arguments or present evidence for the first
20 time when they could reasonably have been raised earlier in the litigation."  *Id.* (emphasis in
21 original).

22     **III.**    **ANALYSIS**

23     Plaintiff does not provide any facts or argument to satisfy any of the enumerated
24 provisions of Rule 60(b).  Plaintiff states that due to the ongoing Covid-19 pandemic, he has had
25 trouble efficiently preparing a complaint.  (*See* ECF No. 9 at 1.)  Plaintiff does not, however,
26 explain why he did not seek an extension of time to file an amended complaint or respond to the
27 magistrate judge's findings and recommendations.  More significantly, Plaintiff does not present
28 any newly discovered evidence suggesting this matter was wrongly dismissed, nor does he

contend the Court erred in concluding subject matter jurisdiction over his state law claim was lacking.  *Marlyn*, 571 F.3d at 880.  Furthermore, the Court finds that, after a *de novo* review of this case, the order of dismissal is neither manifestly unjust nor clearly erroneous.  *See Martinez v. Lawless*, No. 1:12-cv-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)) (reviewing a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth under 28 U.S.C. § 636(b)(1)(A)).

### IV. CONCLUSION

For the reasons discussed herein, Plaintiff's Motion for Reconsideration (ECF No. 9) is hereby DENIED.

IT IS SO ORDERED.

DATED:  December 11, 2020

Troy L. Nunley
United States District Judge